[Cite as *Adams v. Margarum*, 2017-Ohio-2741.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bret Adams, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-515 |
| | | (C.P.C. No. 16 CV 02398) |
| Christine Margarum et al., | : | |
| | | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 9, 2017

**On Brief:** *The Law Office of Bryan D. Thomas, LLC*, and *Bryan D. Thomas*, for appellant.

**On Brief:** *Arenstein & Andersen Co., L.P.A.,* and *Nicholas I. Andersen* and *Jessica L. Sohner*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Plaintiff-appellant, Bret Adams, appeals from the June 23, 2016 decision and judgment entry of the Franklin County Court of Common Pleas dismissing his complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm the judgment of the court of common pleas.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Adams filed a complaint against defendants-appellees, Christine Margarum and Patricia Pappas alleging fraud and civil conspiracy. Specifically, Adams alleged that on March 4, 2014, he and Margarum agreed to pay Pappas $100,000 on or before May 3,

2014 under the terms of a promissory note. (Compl. at ¶ 5.) A copy of the note was attached to the complaint.[1]

{¶ 3} The complaint also alleged that, on November 6, 2014, Pappas filed a complaint in the Franklin County Court of Common Pleas (Franklin C.P. No. 14 CV 11486) claiming that Adams breached the terms of the note. (Compl. at ¶ 6.) Pappas did not name Margarum as a party in the lawsuit. *Id.*

{¶ 4} A bench trial was held, and Margarum testified that she was not liable under the terms of the note and that she did not execute the note. (Compl. at ¶ 8, 9.)

{¶ 5} Adams alleged in the complaint that he was present when Margarum executed the note. (Compl. at ¶ 10.)

{¶ 6} Adams alleged that Margarum and Pappas committed fraud because Pappas never intended to receive any payments from Margarum pursuant to the terms of the note, in part, because Margarum is Pappas' daughter. (Compl. at ¶ 11, 14.) In support of his claim, Adams stated that:

> [Margarum and Pappas] committed fraud by making certain statements and/or representations to [Adams], as detailed in the foregoing paragraphs. Specifically, when the Note was executed by Plaintiff [Adams] and Defendant Pappas (sic) on March 4, 2014, Defendant Pappas never intended to receive any payments from Defendant Margarum pursuant to the terms of the Note.

(Compl. at ¶ 14.) Adams further alleged that the fraud "allegation is unequivocally supported by the fact that Defendant Pappas did not make Defendant Margarum in the lawsuit as a Defendant." (Compl. at ¶ 16.)

{¶ 7} At the time Adams filed his complaint, no decision had been issued in Franklin C.P. No. 14 CV 11486. (Compl. at ¶ 12.)

{¶ 8} Adams also alleged that Margarum and Pappas conspired to obtain Adams' signature on the note with the intent that Margarum would not be required to make any payments on the note. (Compl. at ¶ 23.) Adams alleged that "[i]n furtherance of the conspiracy, [Margarum and Pappas] fraudulently concealed from [Adams] material facts

---

[1] The note attached to the complaint as exhibit A contains Adams' signature on the signature line bearing his name. The note does not contain Margarum's signature on the signature line with her name. There is something that may be a signature on the date line across from the line for Margarum's signature.

regarding their actions that were introduced to deceive and defraud [Adams]." (Compl. at ¶ 24.) The complaint does not identify what material facts were concealed.

{¶ 9} Margarum and Pappas filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on May 9, 2016. The basis of the motion was that Adams failed to sufficiently plead a claim for fraud and, with respect to civil conspiracy, he failed to allege any unlawful act, or that Pappas and Margarum could not have acted independently as required for a claim of civil conspiracy.

{¶ 10} The trial court found that Adams did not state with particularity what statements and representations were made that induced fraud, and that he failed to plead fraud with particularity as required by Civ.R. 9(B). The trial court found that having failed to state a claim for fraud, his derivative claim of civil conspiracy failed also as a matter of law.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Adams appealed, assigning the following as error:

> [I.] The Trial Court erred in granting Defendants' Motion to Dismiss because Plaintiff's Complaint sufficiently pled factual allegations to support its causes of action under the requirements of Civil Rule 9(B).
>
> [II.] The Trial Court erred in granting Defendants' Motion to Dismiss as Plaintiff sufficiently pled with particularity a cause of action for fraud against Defendants which was supported by specific factual allegations and documented in the Exhibit attached to Plaintiff's Complaint.

## III. STANDARD OF REVIEW

{¶ 12} A trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5; *Rooney v. Ohio State Hwy. Patrol*, 10th Dist. No. 16AP-204, 2017-Ohio-1123, ¶ 13. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must limit its consideration to the four corners of the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of

facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus . The trial court must presume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). This court need not, however, accept as true any unsupported or conclusory legal propositions advanced in the complaint. *Rooney* at ¶ 14.

## IV. ANALYSIS

### A. Fraud

{¶ 13} To prove fraud, a plaintiff must demonstrate: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Burr v. Bd. of Cty. Commrs.*, 23 Ohio St.3d 69, 73 (1986); *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998); *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987).

{¶ 14} Additionally, Civ.R. 9(B) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, a claim of fraud must be pled with particularity. *Volbers-Klarich v. Middletown Mgmt.*, 125 Ohio St.3d 494, 501, 2010-Ohio-2057, ¶ 27; *Korodi v. Minot*, 40 Ohio App.3d 1, 4 (10th Dist.1987). To satisfy this requirement, a pleading must contain allegations of fact that tend to show every element of a claim for fraud. *Lopez v. Quezada*, 10th Dist. No. 11AP-389, 2014-Ohio-367, ¶ 16. Typically, the requirement of particularity includes the time, place, and content of the false representation, the fact represented, the individual who made the representation, and the nature of what was obtained or given as a consequence of the fraud. *Lundeen v. Smith-Hoke*, 10th Dist. No. 15AP-236, 2015-Ohio-5086, ¶ 21; *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 26. Failure to specifically plead the facts constituting an alleged fraud results in a defective claim that

cannot withstand a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). *Id.* at ¶ 27.

{¶ 15} In Ohio, fraud cannot be predicated on promises or representations relating to future action or conduct. *Brevoort v. Internatl. Fin. Resources, Inc.*, 10th Dist. No. 93AP-977 (Dec. 30, 1993). To constitute actionable fraud, the misrepresentation must be of a fact existing when the misrepresentation was made or one which had previously existed. *Gouge v. Bax Global Inc.*, 252 F.Supp.2d 509, 515 (N.D.Ohio 2003), citing *Yo-Can, Inc. v. The Yogurt Exchange, Inc.*, 149 Ohio App.3d 513, 525, 2002-Ohio-5194 (7th Dist.), citing *Link v. Leadworks Corp.*, 79 Ohio App.3d 735, 742 (8th Dist.1992). Generally, fraud cannot be based on a representation concerning a future event because such a representation is more in the nature of a prediction or opinion about what the future may bring. *Id.* However, a promise made with a present intention not to perform is a misrepresentation of an existing fact even if the promised performance is to occur in the future. *Id.*

{¶ 16} Adams has failed to allege any false misrepresentations made prior to his signing the note. Our review of the allegations in the complaint reveals that Adams has not alleged any specific statements made by Pappas or Margarum other than to refer to Margarum's trial testimony that she was not liable under the note and that she did not execute the note. (Compl. at ¶ 9, 17.) Assuming, for purposes of Civ.R. 12(B)(6), that Margarum misrepresented to the court that she did not sign the note, Adams ignores the fact that the signature line on the note does not contain her signature. The note, attached as an exhibit to the complaint, does not supply any facts that would make the complaint legally sufficient. Furthermore, the complaint does not show that Adams relied on any such misrepresentation since he states in the complaint that she signed the note in his presence. (Compl. at ¶ 10.)

{¶ 17} The complaint fails to identify any statements or representations made by Pappas to form the basis of a fraud claim. Instead, Adams contends that "Pappas never intended to receive any payments from Defendant Margarum pursuant to the terms of the Note," that Pappas did not name Margarum in her lawsuit, and that Margarum is the daughter of Pappas. (Compl. at ¶ 11, 14.)

{¶ 18} Assuming again for purposes of Civ.R. 12(B)(6) that these allegations are true, Adams fails to identify any duty owed by Pappas to inform him that she did not intend to seek payment from her daughter or that she had any obligation to do so.

{¶ 19} Adams has failed to plead facts from which one can infer that there were any material misrepresentations or concealed facts on which he relied or that were made with the intent of misleading him into relying on them.  Adams' complaint does not state a claim on which relief may be granted for fraud.  Therefore, it was proper for the trial court to dismiss the claim.

### B. Civil Conspiracy

{¶ 20} The tort of civil conspiracy is a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.  *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998). An underlying unlawful act is required before a civil conspiracy claim can succeed.  *Id.* The malice involved in the tort is that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another.  *Id.*

{¶ 21} "A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy."  *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 60, 2009-Ohio-2665, ¶ 40 (10th Dist.).  Here, Adams' civil conspiracy claim is based on fraud by Pappas and Margarum.  Having concluded that the complaint fails to state a claim for fraud, the derivative claim of civil conspiracy must fail also.

## V.  CONCLUSION

{¶ 22} Viewing the allegations and all reasonable inferences in Adams' favor, we conclude that Adams has not stated a claim against Pappas and Margarum for fraud or civil conspiracy pursuant to Civ.R. 12(B)(6) and 9(B).  Based on the foregoing, we overrule the assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____