[Cite as *Lusk v. Crown Pointe Care Ctr.*, 2019-Ohio-1326.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffrey Wills Lusk, Individually and as Executor of the Estate of Dorothy Jean Ross Lusk, Deceased, | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 18AP-549 |
| | | (C.P.C. No. 18CV-2941) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Crown Pointe Care Center et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

D E C I S I O N
NUNC PRO TUNC[1]

Rendered on April 16, 2019

**On brief:** *Jeffrey Wills Lusk*, pro se. **Argued:** *Jeffrey Wills Lusk.*

**On brief:** *Poling Law* and *Brant E. Poling*, for appellees Central Ohio Hospitalists, Inc., DBA MedOne Hospital Physicians, Daniel Miller, M.D., and Brian Pulliam, C.N.P. **Argued:** *Zachary Hoover.*

**On brief:** *Tucker Ellis LLP, Ernest W. Auciello,* and *Jeffrey C. Sindelar, Jr.*, for appellees Crown Pointe Care Center, SHCP Franklin, Inc., Foundations Health Solutions, Inc., Atlas Healthcare Solutions, Inc., Crista King, and Lynn Marie Gutridge.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

---

[1] This decision replaces, nunc pro tunc, the original decision released April 9, 2019, and is effective as of that date. This decision reflects the motion granted February 11, 2019, in which the case style was corrected to reflect executor, rather than administrator. Additionally, the decision notes Lusk as executor accordingly.

{¶ 1}   Plaintiff-appellant, Jeffrey Wills Lusk, individually and as executor of the estate of Dorothy Jean Ross Lusk, deceased, appeals pro se from a judgment of the Franklin County Court of Common Pleas dismissing Lusk's wrongful death and survival claims against defendants-appellees, Crown Pointe Care Center et al.  For the following reasons, we dismiss this appeal.

## I.  Facts and Procedural History

{¶ 2}   In April 2018, Lusk, individually and as executor of the estate of his deceased mother, initiated this action pro se against appellees alleging wrongful death and survival claims.  Appellees moved to dismiss Lusk's complaint because, as a non-lawyer, he was engaging in the unauthorized practice of law by filing the complaint pro se, the claims were time-barred, and the medical negligence claims were not accompanied by the required affidavit of merit.  On July 9, 2018, the trial court dismissed Lusk's wrongful death claim based on its finding that Lusk's filing of that claim constituted the unauthorized practice of law, and it dismissed his survival claim based on its finding that the statute of limitations had run as to that claim.

{¶ 3}   On July 10, 2018, Lusk filed a notice of appeal.  Two days later, appellees moved to dismiss the appeal on the basis that Lusk, a non-lawyer, may not litigate this appeal.  On July 17, 2018, this court filed an entry agreeing that Lusk may not litigate the matter, but rather than dismissing the appeal at that time, permitted him a reasonable time to obtain counsel.  The court noted that, if, within 30 days, counsel had not made an appearance on Lusk's behalf, the appeal would be dismissed.  On August 1, 2018, Lusk filed a motion to defer ruling on appellees' motion to dismiss the appeal until the case is submitted for decision.  This court granted Lusk's motion, thereby permitting the appeal to be briefed and deferring a ruling on the issue of whether Lusk, as a non-lawyer, may prosecute any part of this appeal.  On August 15, 2018, appellees moved for reconsideration of the decision to defer ruling on the pro se representation question, which this court denied.  The appeal was argued and submitted to the court for decision on February 19, 2019.[2]

---

[2] After this appeal was submitted for decision, Lusk moved to supplement the record with a document that purports to show that no creditor claims have been filed against the decedent's estate.  However, because the submitted document was not part of the record below, we deny Lusk's motion and do not consider it.

## II. Assignments of Error

{¶ 4} Lusk assigns the following errors for our review:

[1.] The trial court erred to the prejudice of appellant by granting appellees' motion to dismiss, by failing to accept all allegations of the complaint as true, by failing to grant appellant all reasonable inferences from those facts, and by finding that it was beyond all doubt that appellant could prove no set of facts that would entitle him to relief.

[2.] The trial court erred to the prejudice of appellant by ruling non-attorney executor appearing pro se constituted the unauthorized practice of law by failing to: recognize wrongful death and survival actions are separate; follow the Ohio Supreme Court non-attorney executor pro se exception; respect the executor-beneficiary fiduciary relationship; recognize that executor has all the rights of decedent, including right to appear pro se; recognizes executor has management rights that belonged to decedent; recognize executor appearing pro se exercised his own management rights rather than rights of estate or beneficiaries; recognize executor's personal liability for mismanagement that ensures proper management-and not a requirement that he hire an attorney to represent the beneficiaries' interests; recognize distinction between vesting management rights in executor and beneficial interests in beneficiaries; recognize the role of the fiduciary duties in regulating the executor-beneficiary relationship; recognize executor owes no duties to the beneficiaries; recognize an estate is very much unlike a corporation because it is not a legal entity, as it cannot sue nor be sued; and recognize the executor is the beneficial interest in the corpus of the estate as its sole beneficiary.

[3.] The trial court erred to the prejudice of appellant by ruling non-attorney executor appearing pro se constituted the unauthorized practice of law by failing to recognize adult children are not presumed to have suffered from the loss of a parent, thus, are potential statutory beneficiaries not yet determined by Franklin County Ohio Probate Court to be real parties in interest.

[4.] The trial court erred to the prejudice of appellant by finding the statute of limitations had run before decent knew her

---

*See Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13 ("a bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial").

injuries were proximately caused by conduct of defendants despite the fact complaint conclusively shows on its face the action is not barred by the statute of limitations under the authority of the "discovery rule."

[5.] The trial court erred to the prejudice of appellant by failing to convert motion to dismiss to motion for summary judgment, as required by Civ.R. 12, because appellant introduced extrinsic evidence.

## III. Discussion

{¶ 5} Before addressing Lusk's assignments of error, we must first analyze the threshold issue of whether this matter is properly before this court. Lusk, a non-attorney, is proceeding pro se. He argues he is entitled to litigate this appeal of the trial court's dismissal of the wrongful death and survival claims based on his status as the sole beneficiary under decedent's will. We disagree.

{¶ 6} While a party may represent himself in a court proceeding without the assistance of a lawyer, the general rule is that a layperson may not represent another person in a legal action. *Norwalk MK, Inc. v. McCormick*, 170 Ohio App.3d 147, 2006-Ohio-4640, ¶ 8 (6th Dist.); *see Williams v. Griffith*, 10th Dist. No. 09AP-28, 2009-Ohio-4045, ¶ 14, quoting *State v. Block*, 8th Dist. No. 87488, 2007-Ohio-1979, ¶ 4 (A " 'person has the inherent right to proceed pro se in any court, but that right pertains only to that person. It does not extend to the person's spouse, child, or solely owned corporation.' "); R.C. 1.59 (A "person" is generally defined to include "an individual, corporation, business trust, estate, trust, partnership, and association."). This rule has developed from the statute prohibiting the unauthorized practice of law, R.C. 4705.01. *Wood Cty. Health Dist. v. Bauer*, 6th Dist. No. WD-17-043, 2018-Ohio-5203, ¶ 23. "The 'practice of law' consists of, inter alia, preparing documents and papers prior to commencement of actions, managing the resulting actions, and representing persons in court." *Norwalk MK, Inc.* at ¶ 8, citing *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28-29 (1934).

{¶ 7} Although there is no common-law action for wrongful death, R.C. 2125.01 establishes such a claim in Ohio. Under this statute, "[w]hen the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been

liable if death had not ensued * * * shall be liable to an action for damages." Such an action must be "brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, * * * the parents of the decedent, * * * [and] the other next of kin of the decedent." R.C. 2125.02(A)(1). For the purpose of R.C. 2125.02, "personal representative" means either the executor or administrator of the decedent's estate. *Slater v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-453, 2018-Ohio-1475, ¶ 16 (10th Dist.).

{¶ 8} The requirement that a wrongful death action be brought in the name of the decedent's personal representative, who is generally represented by counsel, prevents a multiplicity of suits and facilitates distribution of any sums received from wrongful-death claims to the various beneficiaries. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, ¶ 10, citing R.C. 2125.03; *Williams* at ¶ 12. In this capacity, the personal representative represents the interests of the statutory next of kin. *Williams* at ¶ 13, citing R.C. 2125.02(A)(1). Here, Lusk was appointed as the executor of his mother's estate. Generally, Lusk may independently represent his own interests, but, as a non-attorney, he may not represent in court the interest of others, included the decedent's other next of kin. While Lusk is one of decedent's next of kin, he is not her only next of kin as he has a sister, and representing the interests of his sister would constitute the unauthorized practice of law. Further, he cannot proceed in a wrongful death action only on behalf of himself individually because such an action must be "maintained by the personal representative on behalf of the statutory next of kin in one action." *Williams* at ¶ 15, citing R.C. 2125.02. Therefore, Lusk's attempt to proceed pro se in prosecuting the wrongful death action is impermissible because he necessarily would be representing the interests of at least one other statutory next of kin.

{¶ 9} Lusk's attempt to litigate the survival claim is also impermissible. "[A] survival action brought to recover for a decedent's own injuries before his or her death is independent from a wrongful-death action seeking damages for the injuries that the decedent's beneficiaries suffer as a result of the death, even though the same nominal party [the personal representative] prosecutes both actions." *Peters* at ¶ 7. "Under the general survival statute, R.C. 2305.21, a victim's right of action for personal injuries survives and passes to her personal representative, and may be instituted for the benefit of the estate."

*Shinaver v. Szymanski*, 14 Ohio St.3d 51, 55 (1984); *Perry v. Eagle-Picher Industries, Inc.*, 52 Ohio St.3d 168, 169-70 (1990); *see LaMusga v. Summit Square Rehab, LLC*, 2d. Dist. No. 26641, 2015-Ohio-5305, ¶ 55 ("survival claims made by the personal representative are on behalf of the estate"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 10 (in bringing survival claims, the personal representative of the decedent's estate was "standing in the shoes" of the decedent). Thus, as to the survival claim, Lusk, a non-lawyer, was acting on behalf of the decedent's estate.

{¶ 10} Despite proceeding pro se on behalf of the estate, Lusk argues the fiduciary responsibilities associated with his status as the executor of decedent's estate enable him, as a non-lawyer, to litigate matters for the benefit of the estate because there are sufficient checks on his management of the litigation. But this assertion fails to recognize the distinction between the administration of a decedent's estate and a wrongful death or survival action being filed on behalf of the next of kin or the estate in the name of the administrator as the nominal party. An administrator's duties pertaining to the administration of an estate do not change the principles precluding a non-lawyer from engaging in the practice of law. *Williams*, 10th Dist. No. 09AP-28, 2009-Ohio-4045.

{¶ 11} Lusk also contends, citing *Heath v. Teich*, 10th Dist. No. 06AP-1018, 2007-Ohio-2529, that because the decedent disinherited Lusk's sister by will, and because there are no creditors of decedent's estate, he is permitted to litigate this matter on behalf of the estate. Lusk is correct that this court in *Heath* suggested that if the personal representative of an estate is the sole beneficiary of the estate, then that person may represent the estate in court. *Id.* at ¶ 8. However, because *Heath* involved more than one beneficiary of the estate, any suggestion contained therein concerning circumstances involving only one beneficiary under a will is dictum. Therefore, Lusk's reliance on *Heath* is unavailing as it relates to the case before us. Even if Lusk is the sole beneficiary under the decedent's will and her estate has no creditors, these circumstances do not alter the fact that he is attempting to litigate this matter on behalf of the estate, which Ohio law generally treats as a "person" or an "entity." R.C. 1.59; *In re Estate of Villiers*, 10th Dist. No. 12AP-293, 2013-Ohio-2560, ¶ 3; *Estate of Barney v. Manning*, 8th Dist. No. 94947, 2011-Ohio-480, ¶ 16. Lusk fails to cite, and our independent research does not reveal, any Ohio case holding that a non-lawyer personal representative may litigate an action pro se on behalf of a decedent's

estate.  Conversely, at least one Ohio appellate court has expressly opined that R.C. 4705.01 prohibits a non-lawyer from litigating claims on behalf of an estate, pro se, without noting any possible exception to this rule if there are no creditors or other beneficiaries to the estate.  *See Mays v. Toledo Hosp.*, 6th Dist. No. L-13-1233, 2014-Ohio-1991, ¶ 8.

{¶ 12} When a non-attorney files a notice of appeal and attempts to prosecute the appeal in court as counsel on behalf of another, such constitutes the unauthorized practice of law for which the pleadings filed should be stricken and the proceeding thus attempted dismissed.  *Bank of New York v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117, ¶ 13 (5th Dist.); *Scott v. H.T.M. Trust*, 3d Dist. No. 12-90-4 (May 9, 1991).  Therefore, because Lusk is not authorized to appeal pro se from the trial court's dismissal of the wrongful death and survival claims he filed against appellees on behalf of the decedent's statutory next of kin and her estate, we must dismiss this appeal.

## IV.  Disposition

{¶ 13} For the foregoing reasons, we dismiss this appeal.

*Appeal dismissed.*

SADLER and DORRIAN, JJ., concur.

————————————————