[Cite as *Gaston v. Meyer*, 2020-Ohio-289.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Charlene Gaston                                     Court of Appeals No. L-20-1006

       Petitioner

v.

Judge Jay A. Meyer, Magistrate Donald
Bennet, and Seneca County Child Support            **DECISION AND JUDGMENT**

       Respondents                                 Decided:  January 28, 2020

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on petitioner's, Charlene Gaston, "Non-Statutory Writ Of Habeas Corpus Remedy A Judgment Under Federal Rule 60(B)(4) Judicial Notice Of Adjudicated Facts Are Introduced Into Court As Evidence Under Federal Rules Of Evidence 201(D) Or A State Equivalent."  The petition, in effect, seeks to overturn the January 31, 2018 judgment of the Seneca County Court of Common Pleas, Juvenile Division, which awarded custody of Gaston's minor child to the child's

father and ordered Gaston to pay child support.  Aside from its myriad other defects, because this petition constitutes the unauthorized practice of law, it must be denied.

{¶ 2} Here the petition was filed on behalf of Gaston by Audriana Nobell El, who purports to have a power of attorney over Gaston.  Audriana Nobell El does not claim to be a licensed Ohio lawyer.  "[A] non-lawyer with a power of attorney may not appear in court on behalf of another, or otherwise practice law." *Disciplinary Counsel v. Coleman*, 88 Ohio St.3d 155, 158, 724 N.E.2d 402 (2000); *see also* R.C. 4705.01.  We cannot condone the unauthorized practice of law, and therefore must deny this petition.  *See Lusk v. Crown Pointe Care Ctr.*, 2019-Ohio-1326, 135 N.E.3d 414, ¶ 12 (10th Dist.) ("When a non-attorney files a notice of appeal and attempts to prosecute the appeal in court as counsel on behalf of another, such constitutes the unauthorized practice of law for which the pleadings filed should be stricken and the proceeding thus attempted dismissed.").

{¶ 3} Accordingly, upon due consideration, Gaston's petition for a writ of habeas corpus is not well-taken, and it is hereby denied.  The costs of this action are assessed to Gaston.

{¶ 4} The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.

2.

Mark L. Pietrykowski, J.             _____

                                                               JUDGE

Arlene Singer, J.

                                               _____

Thomas J. Osowik, J.                                 JUDGE
CONCUR.

                                               _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.