[Cite as *Jabr v. Ohio Dept. of Job & Family Servs.*, 2025-Ohio-2693.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tareq Jabr, | : | |
| Plaintiff-Appellant, | : | No. 25AP-155 |
| | | (Ct. of Cl. No. 2024-00797JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Job and Family Services et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on July 31, 2025

**On brief:** *Tareq Jabr*, pro se. **Argued:** *Tareq Jabr*.

**On brief:** *Dave Yost*, Attorney General, *Michelle C. Brizes*, and *Maggie Shaver*, for appellees. **Argued:** *Maggie Shaver*.

APPEAL from the Court of Claims of Ohio

PER CURIAM

{¶ 1} Plaintiff-appellant, Tareq Jabr, appeals, pro se, from the December 31, 2024 judgment of the Court of Claims of Ohio dismissing his complaint against defendants-appellees, the Ohio Department of Job and Family Services ("ODJFS") and the Ohio Department of Medicaid ("ODM") (collectively, the "departments"), under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction and under Civ.R. 12(B)(6) for failure to specifically plead sufficient facts to support his fraud claim. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On November 12, 2024, Mr. Jabr initiated a civil action against ODJFS and ODM in the court of claims seeking damages and other relief. In his complaint, Mr. Jabr accused the departments of criminal stalking, harassment, forgery, and fraud in connection

with the completion of a Medicaid-benefits form, which he claims caused harm to him and his wife.[1]

{¶ 3} On December 12, 2024, the departments moved to dismiss Mr. Jabr's complaint pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction and Civ.R. 12(B)(6) for failure to state a claim for which relief can be granted. The court of claims granted that motion in a judgment dated December 31, 2024.

{¶ 4} Mr. Jabr timely appealed from that judgment, and he assigns the following error:

> TAREQ JABR STATES IN THIS BRIEF,1ST OF ALL THE ASSIGNMENTS OF ERROR ARE THAT THE COURT OF CLAIMS ,HAS FULL JURISDICTION,OVER THE STATE AND ITS WRONG DOINGS IN LAW , IT'S A COURT FOR THE STATE,AND STATE RUN AGENCYS.
>
> PROOF WAS GIVEN BEYOND A REASONABLE DOUBT,IN THE COURT OF CLAIMS, PLUS A SWORN AFFDAVIT,WHICH IS ATTACHED WITH THIS BRIEF,BY TAREQ JABR THE APPELLANT ,IN THIS CASE FOR,FURTHER PROOFS PLUS LOOK AT THE 21 PLEADINGS IN THE RECORD. THE COURT OF CLAIMS ,FALSELY AND ARTBITARY,ALSO BASISLY DISMISSED THE CASE ,WITHOUT DECIDEING,ON THE MERITS OF THIS SIGNATURE, FRAUDS,CASE BY THE DEFS, AND APPELLEES, THE OHIO DEPT, OF JOB AND FAMILY SERVICES,AND THE MEDICAID DEPT,AND THERE ATTORNEYS,YOUR HONORS OF THE COURT.

(Sic passim.)

## II. LEGAL ANALYSIS

{¶ 5} As an initial matter, we note that Mr. Jabr's brief fails to comply with App.R. 16(A)(7). Under App.R. 12(A)(2), we are permitted to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on

---

[1] In the body of his complaint, Mr. Jabr also identifies his spouse, Eman J. Jabr, as an injured party-plaintiff. But he did not name her as a party-plaintiff in the caption of the complaint, and Ms. Jabr did not sign the pleading. Furthermore, nothing in the record before us suggests that Mr. Jabr is an attorney authorized to practice law in Ohio. Although a party may act in a pro se capacity by representing himself in court without a lawyer, a non-lawyer is generally not allowed to represent another in a legal action. *See* R.C. 4705.01; *Disciplinary Counsel v. Givens*, 2005-Ohio-4104, ¶ 7; *Lusk v. Crown Pointe Care Ctr.*, 2019-Ohio-1326, ¶ 8 (10th Dist.). Our analysis is thus confined to Mr. Jabr as the sole plaintiff in this case.

which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also* App.R. 12(A)(1)(b) (requiring appellate courts to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16").

{¶ 6} App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Mr. Jabr's brief fails to provide any cognizable argument or legal authority to support his contention that the trial court erred in dismissing his complaint for lack of jurisdiction over his criminal claims and his failure to sufficiently allege a fraud action against the departments. Instead, Mr. Jabr's brief mostly comprises of accusations he makes against the departments, the state, and the attorney general, the veracity of which are not properly before us on appeal.

{¶ 7} Based on Mr. Jabr's failure to comply with App.R. 16(A)(7), we could disregard and summarily overrule his assignment of error. *See* App.R. 12(A)(2). *See also Angus v. Angus*, 2015-Ohio-2538, ¶ 10 (10th Dist.), citing *CitiMortgage, Inc. v. Asamoah*, 2012-Ohio-4422, ¶ 5 (10th Dist.); *Tonti v. Tonti*, 2007-Ohio-2658, ¶ 2 (10th Dist.). "Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice." *Angus* at ¶ 10. That said, if we "cannot understand an appellant's arguments, [we] cannot grant relief." *Id.*, citing *State v. Dunlap*, 2005-Ohio-6754, ¶ 10 (10th Dist.). And, while we "will construe pro se filings generously, appellate courts cannot construct legal arguments for an appellant." *Id.*, citing *Williams v. Barrick*, 2008-Ohio-4592, ¶ 24 (10th Dist.), and *Miller v. Johnson & Angelo*, 2002-Ohio-3681, ¶ 2 (10th Dist.).

{¶ 8} Therefore, in the interest of justice, and notwithstanding Mr. Jabr's failure to make any legal arguments under the controlling legal authority, we will review the propriety of the trial court's decision to grant the department's motion to dismiss Mr. Jabr's complaint for lack of subject-matter jurisdiction and failure to specifically plead the facts constituting an alleged fraud.

### A. Lack of Subject-Matter Jurisdiction Under Civ.R. 12(B)(1)

{¶ 9} Subject-matter jurisdiction refers to a court's power to entertain and adjudicate a particular class of cases on the merits.[2] *State v. Harper*, 2020-Ohio-2913, ¶ 23; *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Because a court is powerless to hear a case without subject-matter jurisdiction, " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed. 2017). Simply put, the existence of subject-matter jurisdiction is a " ' "condition precedent to [any] court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." ' " *Harper* at ¶ 23, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶ 10} A trial court must grant a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction if the complaint fails to raise a cause of action that can be considered by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). Because determining whether a court possesses subject-matter jurisdiction is a question of law, appellate courts review a trial court's ruling on a Civ.R. 12(B)(1) motion de novo. *Hulbert v. Buehrer*, 2017-Ohio-844, ¶ 12 (10th Dist.), quoting *Klosterman v. Turnkey-Ohio, L.L.C.*, 2009-Ohio-2508, ¶ 19 (10th Dist.). *See also Pointer v. Smith*, 2021-Ohio-2247, ¶ 8 (10th Dist.), citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.).

{¶ 11} The court of claims is a court of limited jurisdiction and has exclusive, original jurisdiction over only *civil* actions against the state specifically permitted by the waiver of immunity set forth in R.C. 2743.02. *See, e.g., Troutman v. Ohio Dept. of Rehab. & Corr.*, 2005-Ohio-334, ¶ 10 (10th Dist.); *Burse v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-2882, ¶ 15 (10th Dist.). "R.C. 2743.02 limits actions brought in the Court of Claims to those which

---

[2] In comparison, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12. Unlike subject-matter jurisdiction, jurisdiction over a particular case involves consideration of the rights of the parties. *Id.* at ¶ 19. "Personal jurisdiction" refers to a court's power to render a valid judgment against a particular individual. *See, e.g., State v. Henderson*, 2020-Ohio-4784, ¶ 36.

could be brought between ***private*** parties." (Emphasis added.) *Peters v. Ohio Dept. of Natural Resources*, 2003-Ohio-5895, ¶ 13 (10th Dist.). "In the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state." *George v. State*, 2010-Ohio-5262, ¶ 32 (10th Dist.).

{¶ 12} Because " 'R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in the courts of common pleas,' " the court of claims does not have jurisdiction over any ***criminal*** matters alleged against the state or state agencies. *Howard v. Supreme Court of Ohio*, 2005-Ohio-2130, ¶ 17 (10th Dist.), quoting *Troutman* at ¶ 10. The court of claims likewise lacks subject-matter jurisdiction " 'to determine whether or not a crime has occurred for the purpose of awarding civil penalties for criminal violations of state statute.' " *Evans v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-3788, ¶ 12 (10th Dist.), quoting *Burse* at ¶ 16.

{¶ 13} In his complaint, Mr. Jabr generally accused ODJFS and ODM of criminal stalking, harassment, forgery, and fraud in connection with the completion of a Medicaid-benefits form. Mr. Jabr also alleged in his complaint that under "18 USC 1002, [the] penalty, for false or forged documents is from 5 to 12 years, in jail or prison, plus fines." (Sic passim.) (Nov. 12, 2024 Compl. at 2.)

{¶ 14} ODJFS and ODM are both state agencies, as defined in R.C. 149.011(B). Based on the foregoing authorities, the court of claims did not have subject-matter jurisdiction over any claims involving alleged criminal violations by ODJFS and ODM. Thus, the court of claims properly dismissed these claims under Civ.R. 12(B)(1).

**B. Failure to State a Claim for Fraud Under Civ.R. 12(B)(6)**

{¶ 15} A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is a procedural test of a civil complaint's sufficiency. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 13 (10th Dist.), quoting *Morrow v. Reminger & Reminger Co. LPA*, 2009-Ohio-2665, ¶ 7 (10th Dist.). Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.). In determining whether dismissal is appropriate, the trial court "must presume all factual allegations contained in the complaint to be true and must make all

reasonable inferences in favor of the plaintiff." *Id.* "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Id.*

{¶ 16} On appeal, we review a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 12, citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. Accordingly, "[a] judgment granting a Civ.R. 12(B)(6) motion to dismiss may be affirmed only when there is no set of facts under which the nonmoving party could recover." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-5531, ¶ 10 (10th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 17} Here, Mr. Jabr's complaint broadly alleged claims against ODJFS and/or ODM for criminal stalking, harassment, forgery, and fraud. After finding it lacked subject-matter jurisdiction to hear any of the criminal claims, the trial court construed Mr. Jabr's complaint as also alleging a civil fraud claim against the departments.

{¶ 18} To prevail on a claim of civil fraud, a plaintiff must demonstrate all of the following: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *See Adams v. Margarum*, 2017-Ohio-2741, ¶ 13 (10th Dist.), citing *Burr v. Bd. of Cty. Commrs.*, 23 Ohio St.3d 69, 73 (1986), *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998), and *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987).

{¶ 19} Generally, Civ.R. 8(A) provides for notice pleading, which requires only a "short and plain statement of the claim showing that the party is entitled to relief, and . . . a demand for judgment for the relief to which the party claims to be entitled." However, in the narrow context of pleading a civil fraud claim, Civ.R. 9(B) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, a claim of fraud must be pled with particularity. *See, e.g.*, *Volbers-Klarich v. Middletown Mgt.*, 2010-Ohio-2057, ¶ 27; *Adams* at ¶ 14. To satisfy this requirement, a plaintiff's complaint must contain allegations of fact that tend to show every

element of a claim for fraud.  *See, e.g., Adams* at ¶ 14, citing *Lopez v. Quezada*, 2014-Ohio-367, ¶ 16 (10th Dist.).  Typically, the particularity required to sufficiently plead a civil fraud claim includes the time, place, and content of the false representation; the fact represented; the individual who made the representation; and the nature of what was obtained or given as a consequence of the fraud.  *Adams* at ¶ 14, citing *Lundeen v. Smith-Hoke*, 2015-Ohio-5086, ¶ 21 (10th Dist.), and *Ford v. Brooks*, 2012-Ohio-943, ¶ 26 (10th Dist.).

{¶ 20}  Failure to plead the elements of fraud with particularity in a complaint results in a defective claim that cannot survive a Civ.R. 12(B)(6) motion to dismiss.  *See, e.g., Morrow*, 2009-Ohio-2665, at ¶ 20, citing Civ.R. 9(B), and *Paparodis v. Snively*, 2007-Ohio-6910, ¶ 69 (7th Dist.), citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 292 (8th Dist. 1993).

{¶ 21}  In his complaint, Mr. Jabr alleged some unspecified employee(s) of ODJFS and/or ODM forged paperwork related to a form for Medicaid benefits.  But other than claiming that paperwork was forged, Mr. Jabr does not plead any of the elements of fraud with particularity, as required by Civ.R. 9(B).  Consequently, Mr. Jabr's complaint fails to state a claim on which relief may be granted for civil fraud.  For this reason, we conclude the trial court properly granted the departments' motion to dismiss this claim pursuant to Civ.R. 12(B)(6).

## III.  CONCLUSION

{¶ 22}  Having overruled Mr. Jabr's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BEATTY BLUNT, MENTEL, and EDELSTEIN, JJ., concur.