[Cite as *Bullard v. McDonald's*, 2021-Ohio-1505.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Felicia R. Bullard, | : | |
| Plaintiff-Appellant, | : | No. 20AP-374 |
| | | (C.P.C. No. 19CV-5165) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| McDonald's, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 29, 2021

**On brief:** *Felicia R. Bullard*, pro se.  **Argued:** *Felicia R. Bullard.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Felicia R. Bullard, appeals from a judgment of the Franklin County Court of Common Pleas dismissing with prejudice Bullard's amended complaint against defendant-appellee, McDonald's.  For the following reasons, we affirm.

I. **Factual and Procedural Background**

{¶ 2} On June 25, 2019, Bullard filed a complaint against "McDonald's" alleging she became sick while eating a sandwich at the McDonald's restaurant at 619 Harrisburg Pike, Columbus, Ohio.  In March 2020, Bullard filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), asserting that McDonald's "Answer [did] not deny any of plaintiff's allegations."

{¶ 3} On June 16, 2020, the trial court ruled on Bullard's March 2020 motion for judgment on the pleadings pursuant to Civ.R. 12(C).  The trial court noted multiple deficiencies as to Bullard's complaint.  Instead of requesting the Clerk of Court issue service

of process via certified mail, return receipt requested, Bullard requested ordinary mail service when she filed her complaint. And Bullard requested a specific amount of damages over $25,000, even though the case was not based on a contract or an instrument required to be attached to the complaint. The trial court further noted that, while Bullard asserted McDonald's did not deny any of her allegations in its answer, McDonald's did not file an answer as it was not properly served with the complaint. Thus, the trial court denied Bullard's request for judgment on the pleadings. In the trial court's June 16, 2020 entry, it also provided notice to Bullard of its intent to sua sponte dismiss her complaint pursuant to Civ.R. 12(B)(6) because the complaint failed to state a claim upon which relief can be granted. Accordingly, the trial court directed Bullard to file an amended complaint curing her June 2019 complaint's procedural and substantive deficiencies.

{¶ 4} In response to the trial court's directive, Bullard filed an amended complaint on June 25, 2020, stating that all deficiencies had "been remediated." (Am. Compl. at 1.) But the amended complaint does not state any factual allegation against McDonald's. Instead, Bullard simply attached multiple documents to the amended complaint, including bills for medical services rendered and a copy of the results of an electrocardiogram test performed on her in December 2018. These attachments contain short handwritten notations in the margins, such as "defect/inadequate," "negligence," "food poison," and "McDonald's." (Am. Compl. at 4, 6-8.). Bullard also filed a successive motion for judgment on the pleadings. In reviewing the amended complaint, the trial court determined the filing did not state a claim upon which relief can be granted, and that it otherwise failed to comply with all the requirements of Civ.R. 8(A). Consequently, the trial court denied Bullard's successive motion for judgment on the pleadings and dismissed the amended complaint with prejudice pursuant to Civ.R. 12(B)(6).

{¶ 5} Bullard timely appeals.

## II. Assignment of Error

{¶ 6} Bullard assigns the following error for our review:

> The court erred and abused its discretion, in denying appellant's motion for judgement on the pleading (Civ.R.12 C). and dismissing appellant's amended copmplaint (15). Dismissed with prejudice pursuant to Civ R 12 (B)(6). The Ohio Rules of Civil Procedure apply to all litigant's and pro litigant's:

> are presumed to have knowledge of the law and legal procedures an ......... They are held to the same standard as litigants who are represented by counsel "Sabouri v. Ohio Dept. of Job and Family Services, 145 Ohio App. 3d 651,654,763 N.E 2d 1238 (10th Dist 2001). This court must apply all prcedural rules to all parties equally, irrespective of whether a part is represented by counsel or pro se.

(Sic passim.)

## III. Discussion

{¶ 7} In her sole assignment of error, Bullard alleges the trial court erred in denying her successive motion for judgment on the pleadings pursuant to Civ.R. 12(C) and sua sponte dismissing her amended complaint pursuant to Civ.R. 12(B)(6). This assignment of error is not well-taken.

{¶ 8} We first address Bullard's challenge to the trial court's denial of her motion for judgment on the pleadings. Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When presented with such a motion, a court must construe all the material allegations of the complaint as true and must draw all reasonable inferences in favor of the nonmoving party. *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8. Therefore, a Civ.R. 12(C) motion "tests the allegations of the complaint and presents a question of law." *Id.* at ¶ 9.

{¶ 9} Here, when Bullard filed her successive motion for judgment on the pleadings, the pleadings were not closed because McDonald's had not filed an answer to the amended complaint. *See JP Morgan Chase Bank, N.A. v. Belden Oak Furniture Outlet, Inc.*, 5th Dist. No. 2010 CA 00049, 2010-Ohio-4444, ¶ 21 (pleadings were not closed because an answer had not been filed). Consequently, Bullard's motion was premature, and the trial court properly denied it. *Id.*

{¶ 10} We also reject Bullard's contention that the trial court erred in sua sponte dismissing her amended complaint with prejudice. Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Although this rule neither expressly permits nor forbids courts to sua sponte dismiss complaints for failure to state a claim upon which relief can be granted, generally a court

may dismiss a complaint on its own motion only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). A sua sponte dismissal without notice may be warranted if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged. *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 12.

{¶ 11} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien* at syllabus. The court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). Additionally, "[a]n amended complaint supplants the original complaint, so the allegations in an amended complaint supersede those in the original complaint." *DSS Servs., LLC v. Eitel's Towing, LLC*, 10th Dist. No. 18AP-567, 2019-Ohio-3158, ¶ 6; *see Hidey v. Ohio State Hwy. Patrol*, 116 Ohio App.3d 744, 748 (10th Dist.1996) ("An amended complaint supersedes and replaces the original complaint."). When reviewing a Civ.R. 12(B)(6) dismissal, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 12} Bullard's June 2019 complaint alleged that she became sick while eating a sandwich at McDonald's, and she suggested her sudden illness was the result of food poisoning. In June 2020, the trial court notified Bullard of its intention to sua sponte dismiss the matter pursuant to Civ.R. 12(B)(6) unless she filed an amended complaint stating a claim upon which relief can be granted. In response to this notice, Bullard filed an amended complaint, which superseded and replaced the original complaint, containing no factual allegation of misconduct by McDonald's. Instead, she attached copies of numerous documents, including copies of medical bills and an electrocardiogram report

with handwritten notations of "defect/inadequate," "negligence," "food poison," and "McDonald's" in the margins, purporting to correct the inadequacies of her original complaint. Because Bullard's amended complaint and its attachments do not present factual allegations against McDonald's that state a claim upon which relief can be granted, the trial court did not err in sua sponte dismissing the amended complaint pursuant to Civ.R. 12(B)(6).

{¶ 13} Accordingly, we overrule Bullard's sole assignment of error.

## IV. Disposition

{¶ 14} Having overruled Bullard's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BEATTY BLUNT, JJ., concur.

———————————