[Cite as *Fluellen v. Miller*, 2024-Ohio-265.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Zanteea Fluellen, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-472 |
| v. | : | (C.P.C. No. 23CV-4026) |
| Mark S. Miller, et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on January 25, 2024

**On brief:** *Zanteea Fluellen*, pro se.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Zanteea Fluellen, appeals, pro se, from the July 11, 2023 judgment of the Franklin County Court of Common Pleas dismissing her complaint against defendants-appellees, Mark S. Miller, Bethel Barker, Ken Barker, and K&B Investments of Grove City, LLC pursuant to Civ.R. 12(B)(6). The controversy arose out of the parties' landlord-tenant relationship. For the foregoing reasons, we reverse, in part, and remand this matter to the trial court for further proceedings consistent with this decision.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On June 6, 2023, Ms. Fluellen initiated a civil action in the lower court seeking damages and declaratory relief from appellees—identified as the owners, managers, and/or operators of the townhouse in which Ms. Fluellen resided. (*See* June 6, 2023 Compl. at ¶ 1-2.) In her complaint, Ms. Fluellen alleged that after she made numerous complaints about the condition of her premises—namely "frequent plumbing issues"—to appellees, her monthly rent amount increased multiple times (from $685 to $780, then to $955) over an unspecified timeframe. (Compl. at ¶ 4-6.) And after receiving notice that

appellees would be increasing her monthly rent amount to $1,350, Ms. Fluellen alleged she had no choice but to move out. (*See* Compl. at ¶ 6.) Ms. Fluellen also claimed that after she moved out, appellees retained her deposit "even though [she] left the premises in the similar form as when she first occupied the premises." (Compl. at ¶ 7.)

{¶ 3} In addition to claiming the rent increases were retaliatory (Compl. at ¶ 6), Ms. Fluellen alleged in her complaint that Bethel Barker promised that her initial monthly rent amount ($685) "would be consistent with no drastic increases" (Compl. at ¶ 3). Thus, she also asserted breach of contract and promissory estoppel claims against appellees individually and/or under a vicarious liability theory. (*See* Compl. at ¶ 1, 9.)

{¶ 4} On June 12, 2023, appellees moved to dismiss Ms. Fluellen's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Ms. Fluellen did not file any written response to that motion.

{¶ 5} The trial court issued an entry granting appellees' motion to dismiss on July 11, 2023. Ms. Fluellen timely appealed from that judgment and asserts the following two assignments of error for our review:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY NOT ENSURING THAT [MS. FLUELLEN] HAD RECEIVED APPELLEE[]S['] MOTION TO DISMISS, AND BY NOT GIVING [HER] AN OPPORTUNITY TO DEVELOP HER ARGUMENT VIA DISCOVERY.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY NOT USING THE PROPER STANDARDS FOR RETALIATION, BREACH OF CONTRACT, AND PROMISSORY ESTOPPEL AS IT APPLIES TO LANDLORD/TENANT LAWS.

## II. ANALYSIS

### A. Applicable Law and Standard of Review for Civ.R. 12(B)(6) Dismissal

{¶ 6} A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is a procedural test of a civil complaint's sufficiency. *Cool v. Frenchko*, 10th Dist. No. 21AP-4, 2022-Ohio-3747, ¶ 13, quoting *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate "only if it appears beyond a doubt that

the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11. In determining whether dismissal is appropriate, the trial court "must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff." *Id.* "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Id.*

{¶ 7} We review a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. When reviewing the sufficiency of a complaint under Civ.R. 12(B)(6), we are mindful that Civ.R. 8(A) provides for notice pleading, which requires only a "short and plain statement of the claim showing that the party is entitled to relief, and * * * a demand for judgment for the relief to which the party claims to be entitled." Accordingly, "[a] judgment granting a Civ.R. 12(B)(6) motion to dismiss may be affirmed only when there is no set of facts under which the nonmoving party could recover." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 16AP-550, 2017-Ohio-5531, ¶ 10, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

### B. First Assignment of Error

{¶ 8} In her first assignment of error, Ms. Fluellen claims the trial court prematurely ruled on appellees' motion to dismiss. Specifically, she contends she should have been given a "valid opportunity" to respond to appellees' motion and a chance to prove her claims through discovery before the trial court issued its judgment. We disagree.

{¶ 9} Civ.R. 6(C)(1) establishes a 14-day period for a nonmoving party to respond to all motions except those brought under Civ.R. 56. And, it is well-established that "trial courts have inherent authority to manage their own dockets and the cases before them." (Citations omitted.) *Lupo v. Columbus*, 10th Dist. No. 13AP-1063, 2014-Ohio-2792, ¶ 20. As such, the trial court was permitted to rule on appellees' motion to dismiss at any point after Ms. Fluellen's 14-day response period expired on June 26, 2023. After that date passed, the trial court had no obligation to wait for her response. The trial court issued its decision on July 11, 2023, in clear accordance with that rule.

{¶ 10} Ms. Fluellen also maintains that she did not receive a copy of appellees' motion because the clerk's office failed to record the change of address notice she purportedly mailed to the clerk. (Brief of Appellant at 5.) While not explicitly argued in her brief, we infer that she intends to contend that such failure deprived her of due process because she did not receive appellees' motion to dismiss and thus was prevented from responding to it. This argument is not well-taken.

{¶ 11} Although Ms. Fluellen insists she mailed the clerk's office written notice of her new address, the record before us does not contain the written notice she allegedly sent. Our review is limited to the record of the proceedings at trial; thus, we cannot rely on factual assertions outside the record to review the trial court's ruling on appellees' motion to dismiss. *See Freeh v. Hill*, 10th Dist. No. 13AP-377, 2014-Ohio-3929, ¶ 19, quoting *Colley v. Colley*, 10th Dist. No. 09AP-333, 2009-Ohio-6776, ¶ 12, quoting *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13, citing App.R. 9 and 12(A)(1)(b).

{¶ 12} In any event, appellees' counsel—not the clerk's office—was responsible for sending a copy of the motion to Ms. Fluellen. *See* Civ.R. 5(A). The certificate of service states that a copy of appellees' motion to dismiss was sent to Ms. Fluellen via regular U.S. mail at her Sawbury address on June 12, 2023. (*See* June 12, 2023 Mot. to Dismiss at 5.) And, we note the address in that certificate of service is identical to the address Ms. Fluellen provided in the complaint she filed on June 6, 2023. Under Civ.R. 5(B)(2)(c), a document is properly served when it is "mail[ed] to the person's last known address by United States mail, in which event service is complete upon mailing." Ms. Fluellen does not claim she notified appellees' counsel of her new address at any point during the six-day period between the filing of her complaint and the mailing of appellees' motion. Thus, we do not find Ms. Fluellen's due process argument compelling.

{¶ 13} Finally, Ms. Fluellen argues it was error for the trial court to rule on appellees' motion to dismiss before the parties had engaged in discovery. (Brief of Appellant at 5.) But, she misunderstands the precise function of Civ.R. 12(B)(6). A motion to dismiss under Civ.R. 12(B)(6), as explained above, is directed solely at the pleadings. *See, e.g., Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989); *Hughes v. Nationwide Mut. Fire Ins. Co.*, 10th Dist. No. 15AP-94, 2015-Ohio-5119, ¶ 10-12. "It is axiomatic that discovery under the Civil Rules is generally outside the scope of the

pleadings." *Winkle v. Southdown, Inc.*, 2d Dist. No. 92-CA-107, 1993 Ohio App. LEXIS 4295, \*13 (Sept. 3, 1993), citing *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124 (1989). Thus, when ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), discovery documents and evidence not contained in the pleadings are generally irrelevant to the trial court's determination of whether the allegations contained in the ***complaint*** are sufficient to state a claim upon which relief can be granted.[1] We reject Ms. Fluellen's contention otherwise.

{¶ 14} Based on the foregoing, we do not find any reason to conclude the trial court prematurely ruled on appellees' motion to dismiss. Accordingly, Ms. Fluellen's first assignment of error is overruled.

### C. Second Assignment of Error

{¶ 15} In her second assignment of error, Ms. Fluellen contends the trial court erred in granting appellees' Civ.R. 12(B)(6) motion and dismissing all claims alleged in her complaint. Specifically, Ms. Fluellen posits that the trial court failed to use "the proper standards for retaliation, breach of contract, and promissory estoppel as it applies to landlord/tenant laws." (Brief of Appellant at 5.) Her contention is not well-taken as it relates to the promissory estoppel and breach of contract causes of action. However, we do find merit in her argument regarding the trial court's analysis of the retaliation claim.

### 1. Breach of Contract Claim

{¶ 16} To establish a claim for breach of contract, a plaintiff must show the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff resulting from the breach. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 41. In support of her breach-of-contract claim, however, Ms. Fluellen did not allege the existence of a contract; rather, she merely stated that her complaint "involves breach of contract and/or promissory estoppel." (Compl. at ¶ 1.) Nor did she

---

[1] The purpose of discovery is not to permit one party to conduct a "fishing expedition" for evidence to support their claim. *See Winkle* at \*14-15. One exception is the limited discovery allowable under the "action for discovery" created by R.C. 2317.48. *See Poulos* at 127. In *Poulos*, the Supreme Court of Ohio held that discovery sought under R.C. 2317.48 is limited "solely to interrogatories specifically concerning the facts necessary to the complaint or answer." *Id.* The court characterized the action for prefiling discovery as occupying a "small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or defense filed pursuant to the Civil Rules." *Id.* But, in this case, Ms. Fluellen did not seek discovery under R.C. 2317.48 and fails to show any legal authority to support her contention that she was entitled to full discovery under the Civil Rules before the trial court could rule on appellees' Civ.R. 12(B)(6) motion to dismiss.

particularly allege what conduct she claims by appellees constituted a breach. As such, we find that Ms. Fluellen did not allege the necessary elements to sustain a breach of contract claim in her complaint.

{¶ 17} Furthermore, Ms. Fluellen did not comply with the procedural requirements for asserting such claim. Civ.R. 10(D)(1) requires the party asserting a breach of contract claim to attach a copy of the written instrument(s) at issue to the complaint. True, the rule also permits a claimant to assert a breach of contract claim without attaching the controlling agreement if "the reason for the omission" is stated in the pleading. Civ.R. 10(D)(1). But, Ms. Fluellen failed to do either in this case.

{¶ 18} Significantly, too, Ms. Fluellen does not support her contention on appeal that the trial court erred in dismissing her breach of contract claim with a legal argument supported by citations to legal authority. It remains unclear from both her complaint and merit brief precisely how she believes appellees' actions form the basis of a viable breach of contract claim. Ms. Fluellen asserts she was "lawfully entitled" to the return of her deposit, but she does not cite to the legal authority on which that assertion is based. (*See* Brief of Appellant at 8.) Although she cites to one case for support—"*Ruble v. M&L Properties, Ltd.*[,] 2010-Ohio-6353"—that case name does not match the citation she provides. (Brief of Appellant at 8.) In the absence of any indication of the deciding court, holding, or pin cite on which Ms. Fluellen intends to rely, we are unable to guess about the case she intended to cite. *See* App.R. 16(A)(7) (requiring an appellant to support all assignments of error with "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies").

{¶ 19} For all of these reasons, we must affirm the trial court's dismissal of Ms. Fluellen's breach of contract claim under Civ.R. 12(B)(6).

### 2. Promissory Estoppel Claim

{¶ 20} At the outset, we note that Ms. Fluellen does not make any legal arguments or cite to any legal authority to support her contention on appeal that the trial court erred in dismissing her promissory estoppel claim under Civ.R. 12(B)(6), as is required by App.R.

16(A)(7) and 12(A)(2). In any event, we find no error in the trial court's decision to dismiss that claim.

{¶ 21} In the absence of a signed written agreement, a party may recover under the doctrine of promissory estoppel for harm incurred by a fraudulent oral promise or breach of an oral agreement. *See, e.g., Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, ¶ 39-40. The elements of a claim for promissory estoppel are: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party relying on the promise must have been injured by the reliance. *See Malempati v. Indep. Inpatient Physicians, Inc.*, 10th Dist. No. 12AP-565, 2013-Ohio-3543, ¶ 25, quoting *Holt Co. v. Ohio Mach. Co.*, 10th Dist. No. 06AP-911, 2007-Ohio-5557, ¶ 30.

{¶ 22} In her complaint, Ms. Fluellen alleges Bethel Barker promised that her initial monthly rent amount of $685 "would be consistent with no drastic increases." (Compl. at ¶ 3.) Arguably, this promise is ambiguous, as the meaning of "drastic increase" is unclear. But even if this were clear and unambiguous, Ms. Fluellen does not explicitly state in her complaint that she relied on that promise, that her reliance was reasonable and foreseeable, or how she was injured by the reliance. And, while Ms. Fluellen's reliance could be inferred based on her decision to continue renting from appellees, we do not find sufficient facts in her complaint from which Ms. Fluellen's reasonable and foreseeable reliance or injury by the reliance can be deduced.

{¶ 23} For instance, although Ms. Fluellen generally alleged that appellees, Mark S. Miller, Bethel Barker, Ken Barker, and K&B Investments of Grove City, LLC "owned/operated/managed" the townhouse she rented (Compl. at ¶ 2), her complaint does not explain who Bethel Barker is, what authority (if any) he had to make any such promise, to whom she remitted her monthly rent payments, or who had the authority to increase her rent amount. Nor does her complaint contain any allegations as to when she began renting from appellees, when Bethel Barker's promise was made, when any of the rent increases at issue occurred, when she moved out, or how she was injured by her reliance on Bethel Barker's promise. In the absence of a written contract or any allegation in her complaint as to the terms of her rental agreement(s)—oral or written—there are simply no facts from which we could extrapolate all necessary elements of a promissory estoppel claim.

**{¶ 24}** For all of the above reasons, we affirm the trial court's dismissal of that claim.

### 3. Claim for Retaliatory Action by Landlord

**{¶ 25}** Ms. Fluellen's primary argument in support of her second assignment of error is that the trial court erred when it evaluated the retaliation claim brought pursuant to R.C. 5321.02. For the following reasons, we agree.

**{¶ 26}** R.C. 5321.02(A) prohibits a landlord from, among other things, increasing a tenant's rent because:

> (1) The tenant has complained to an appropriate governmental agency of a violation of a building, housing, health, or safety code that is applicable to the premises, and the violation materially affects health and safety;
>
> (2) The tenant has complained to the landlord of any violation of section 5321.04 of the Revised Code;
>
> (3) The tenant joined with other tenants for the purpose of negotiating or dealing collectively with the landlord on any of the terms and conditions of a rental agreement.

**{¶ 27}** Although the trial court acknowledged all three categories of conduct protected by the statute, it only found that Ms. Fluellen's complaint failed to allege any facts that would support a claim for retaliation under R.C. 5321.02(A)(1) (complaint to government entity) and R.C. 5321.02(A)(3) (collective action with other tenants). (*Compare* July 11, 2023 Entry at 3, *with* Entry at 5.) The trial court made no determination, however, about whether the allegations set forth in Ms. Fluellen's complaint would support a claim for retaliation under R.C. 5321.02(A)(2). (*See* Entry at 5.) For this reason, we conclude the trial court erred. And, on review of the complaint, we cannot say this error was harmless.

**{¶ 28}** R.C. 5321.04 sets forth the obligations Ohio law imposes upon landlords. That statute requires landlords to do all of the following:

> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

(3) Keep all common areas of the premises in a safe and sanitary condition;

(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by the landlord;

(5) When the landlord is a party to any rental agreements that cover four or more dwelling units in the same structure, provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish, and other waste incidental to the occupancy of a dwelling unit, and arrange for their removal;

(6) Supply running water, reasonable amounts of hot water, and reasonable heat at all times, except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant and supplied by a direct public utility connection;

(7) Not abuse the right of access conferred by division (B) of section 5321.05 of the Revised Code;

(8) Except in the case of emergency or if it is impracticable to do so, give the tenant reasonable notice of the landlord's intent to enter and enter only at reasonable times. Twenty-four hours is presumed to be a reasonable notice in the absence of evidence to the contrary.

(9) Promptly commence an action under Chapter 1923. of the Revised Code, after complying with division (C) of section 5321.17 of the Revised Code, to remove a tenant from particular residential premises, if the tenant fails to vacate the premises within three days after the giving of the notice required by that division and if the landlord has actual knowledge of or has reasonable cause to believe that the tenant, any person in the tenant's household, or any person on the premises with the consent of the tenant previously has or presently is engaged in a violation as described in division (A)(6)(a)(i) of section 1923.02 of the Revised Code, whether or not the tenant or other person has been charged with, has pleaded guilty to or been convicted of, or has been determined to be a delinquent child for an act that, if committed by an adult, would be a violation as described in that division. Such actual knowledge or

reasonable cause to believe shall be determined in accordance with that division.

(10) Comply with the rights of tenants under the Servicemembers Civil Relief Act, 117 Stat. 2835, 50 U.S.C. App. 501.

R.C. 5321.04(A).

{¶ 29} In her complaint, Ms. Fluellen alleged that her rent was increased because she complained to her landlord "about problems at the premises, especially frequent plumbing issues." (Compl. at ¶ 2, 4-6.) Her plumbing-related complaints undoubtedly implicate at least one—if not more—"violation(s) of section 5321.04 of the Revised Code." *See* R.C. 5321.04(A)(2) (requiring a landlord "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition"); R.C. 5321.04(A)(4) (requiring a landlord to "[m]aintain in good and safe working order and condition all * * * plumbing * * * fixtures and appliances, * * * supplied or required to be supplied by the landlord"); R.C. 5321.04(A)(6) (requiring a landlord to "[s]upply running water [and] reasonable amounts of hot water * * * at all times," unless not required by law).

{¶ 30} Based on the foregoing, we find that Ms. Fluellen's complaint quite plainly contained factual allegations which, if true and not subject to any viable defenses, would support a claim for retaliation under R.C. 5321.02(A)(2). Because the trial court did not consider the sufficiency of Ms. Fluellen's retaliation claim under R.C. 5321.02(A)(2), we thus conclude the trial court erred in finding that Ms. Fluellen's complaint failed to state a claim for retaliation under Civ.R. 12(B)(6) and dismissing the entire action.

{¶ 31} We note that Ms. Fluellen does not challenge on appeal the propriety of the trial court's rulings on her request for declaratory relief and punitive damages. (*See* Entry at 5.) Because the trial court did not address the viability of these remedies in the context of analyzing the sufficiency of Ms. Fluellen's claim for retaliation under R.C. 5321.02(A)(2), we decline to do so in the first instance. Accordingly, we must remand this matter to the trial court for further review and proceedings consistent with this decision. Should the trial court determine on remand that Ms. Fluellen's complaint contains sufficient allegations to support her retaliation claim, then the availability of such remedies must be reconsidered and resolved.

{¶ 32} For these reasons, we sustain, in part, and overrule, in part, Ms. Fluellen's second assignment of error.

## III. CONCLUSION

{¶ 33} Having overruled Ms. Fluellen's first assignment of error but sustained, in part, her second assignment of error, we reverse the July 11, 2023 judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings consistent with this decision.

*Judgment reversed*;
*cause remanded with instructions.*

BEATTY BLUNT and JAMISON, JJ., concur.