[Cite as *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4885.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Alfred A. Johnson, Sr.,                                     :

      Plaintiff-Appellant,                          :

v.                                                                          :           No. 24AP-277
           (Ct. of Cl. No. 2024-00022JD)

Ohio Department of Rehabilitation           :      (ACCELERATED CALENDAR)
and Correction,
                                    :

      Defendant-Appellee.                          :

                                    :

D E C I S I O N

Rendered on October 8, 2024

**On brief:** *Alfred A. Johnson, Sr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Michelle C. Brizes*, and *Maggie Shaver*, for appellee.

APPEAL from the Court of Claims of Ohio

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Alfred A. Johnson, Sr., appeals, pro se, from the March 22, 2024 judgment entered by the Court of Claims of Ohio dismissing his civil action against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC" or the "department"), for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1). For the following reasons, we affirm that dismissal.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} Mr. Johnson is currently an inmate in the custody and control of ODRC.

{¶ 3} In February 2024, he filed, pro se, a complaint against ODRC alleging it had violated his due process rights as follows: "Due process, failed to know I was not guilty of a Rule 6 it got amended, which allowed this institution to be negligent and cause emotional distress receiving (1) year added-on." (Sic passim.) (Feb. 1, 2024 Am. Compl. at 2.) He

described his injury, damage, or loss as "emotional distress" and alleged $100,000 in damages. (Am. Compl. at 2-3.)

{¶ 4} On February 13, 2024, ODRC moved to dismiss Mr. Johnson's complaint under Civ.R. 12(B)(1) and (6). Construing Mr. Johnson's "sole claim" in his amended complaint as alleging constitutional and due process violations, ODRC argued the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under 42 U.S.C. 1983. *See, e.g., Bleicher v. Univ. of Cincinnati College of Med.*, 78 Ohio App.3d 302, 306-07 (10th Dist.1992); *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 12. Thus, ODRC asserted the case must be dismissed under Civ.R. 12(B)(1). In the alternative, ODRC argued Mr. Johnson's civil action should be dismissed under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. Mr. Johnson did not file any written opposition to dismissal or otherwise respond to the department's motion.

{¶ 5} On March 22, 2024, the Court of Claims issued a decision and entry granting ODRC's motion to dismiss, pursuant to Civ.R. 12(B)(1), and ordered dismissal of the case for lack of subject-matter jurisdiction. The court did not address ODRC's arguments under Civ.R. 12(B)(6).

{¶ 6} Mr. Johnson timely appealed from that judgment and asserts the following three assignments of error for our review:

> [I.] ABUSE OF DISCRETION * * * FOR DISMISSING MY CAUSE UNDER CIV.R. (12B6) & (12B1).
>
> [II.] THE COURT CONSTRUED MY SIMPLE NEGLIGENCE CLAIM & EMOTIONAL DISTRESS FOR DUE PROCESS.
>
> [III.] [THE ODRC] SAID [MR. JOHNSON] DIDN'T CONTACT THE OFFICE OF RISK MANAGEMENT PURSUANT TO R.C. 2743.16(B).

(Sic passim.)

{¶ 7} Before turning to the merits of Mr. Johnson's assignments of error, we first note that his third assignment of error does not allege error in any trial court ruling. Thus, pursuant to App.R. 12(A)(2), we will not address it. *See, e.g., Middlebrook v. United Collection Bur., Inc.*, 10th Dist. No. 17AP-280, 2017-Ohio-8587, ¶ 5. And, although Mr. Johnson's second assignment of error contends his amended complaint alleged claims for "simple negligence" and "emotional distress," the arguments in his brief only address the

former. As such, we limit our analysis of Mr. Johnson's second assignment of error to his contention that his amended complaint alleged a negligence claim against the ODRC. *See* App.R. 16(A)(7) (requiring appellant's brief to contain the reasons in support of the contentions of the appellant with respect to each assignment of error presented for review); App.R. 12(A)(2) (permitting the reviewing court to disregard an assignment of error if the party "fails to argue the assignment separately in the brief, as required under App.R. 16(A)").

## II. ANALYSIS

{¶ 8} ODRC argued dismissal of Mr. Johnson's complaint was warranted under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction and under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. In ruling on the department's unopposed motion, the court construed Mr. Johnson's amended complaint as bringing "only constitutional claims based on a violation of his due process rights." (Mar. 22, 2024 Entry of Dismissal at 2.) Relying on well-established case law holding that the court lacks jurisdiction over claims alleging constitutional violations by a state entity, the trial court dismissed Mr. Johnson's amended complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1). The court did not consider ODRC's secondary argument, that dismissal was warranted under Civ.R. 12(B)(6) because Mr. Johnson failed to comply with R.C. 2743.16(B).

{¶ 9} On appeal, Mr. Johnson contends the trial court's dismissal was error because his amended complaint asserted a negligence claim against ODRC. Accordingly, we first consider whether his amended complaint sufficiently alleged a claim for negligence under the Civ.R. 12(B)(6) standard and then analyze the propriety of the trial court's dismissal under Civ.R. 12(B)(1).

### A. Applicable Legal Standards and Standard of Review

{¶ 10} Civ.R. 12(B)(1) allows parties to move for dismissal based on a trial court's "lack of jurisdiction over the subject matter" of a case. The issue of subject-matter jurisdiction concerns " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, a trial court must determine "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*,

42 Ohio St.3d 77, 80 (1989), citing *Avco Fin. Servs. Loan, Inc. v. Hale*, 36 Ohio App.3d 65, 67 (10th Dist.1987). *See also Duff v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-851, 2017-Ohio-8895, ¶ 5. To do this, a trial court may consider any pertinent materials and is not confined to the allegations in the complaint. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 11} Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(1) is de novo. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12. *See also State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12. "De novo review means that we apply the same standards as the trial court." *Neinast v. Ohio Expositions Comm.*, 10th Dist. No. 09AP-349, 2009-Ohio-4850, ¶ 5, citing *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, ¶ 16 (2d Dist.).

{¶ 12} In contrast, a motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is a procedural test of a civil complaint's sufficiency. *Cool v. Frenchko*, 10th Dist. No. 21AP-4, 2022-Ohio-3747, ¶ 13, citing *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11. In determining whether dismissal is appropriate, the trial court "must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff." *Id*. "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Id*.

{¶ 13} When reviewing the sufficiency of a complaint under Civ.R. 12(B)(6), we are mindful that Civ.R. 8(A) provides for notice pleading, which requires only a "short and plain statement of the claim showing that the party is entitled to relief, and * * * a demand for judgment for the relief to which the party claims to be entitled." Accordingly, "[a] judgment granting a Civ.R. 12(B)(6) motion to dismiss may be affirmed only when there is no set of facts under which the nonmoving party could recover." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 16AP-550, 2017-Ohio-5531, ¶ 10, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

### B. Analysis of this Case

{¶ 14} Although Mr. Johnson's amended complaint lacks clarity as to the precise causes of action raised, he described the basis of his claim as: "[D]ue process, failed to know I was not guilty of a Rule 6 it got amended, which allowed this institution to be negligent and cause emotional distress receiving (1) year added-on." (Sic passim.) (Am. Compl. at 2.) He goes on to describe his injury, damage, or loss as "emotional distress." (Am. Compl. at 2.) The court construed Mr. Johnson's complaint as solely alleging a due process violation, over which it lacked subject-matter jurisdiction. *See, e.g., Guillory*, 2008-Ohio-2299, at ¶ 12.

{¶ 15} On appeal, Mr. Johnson argues his claim against ODRC was for negligence, alleging, ***for the first time***, facts in his appellate brief that were not stated in his amended complaint in support of that claim. This is significant because the Court of Claims ***does*** have jurisdiction over claims of negligence alleged against state entities. *See, e.g., Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-621, 2020-Ohio-1518, ¶ 17. At the same time, we are mindful that "[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court." *Guillory* at ¶ 11, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 19.

{¶ 16} However, even assuming it was Mr. Johnson's intention to allege a negligence claim against ODRC, as he contends on appeal, Mr. Johnson's amended complaint does not sufficiently set forth an allegation of negligence. Namely, he does not allege the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *See, e.g., Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-240, 2018-Ohio-3392, ¶ 11, citing *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10, citing *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 12 (10th Dist.). Instead, Mr. Johnson alleges only a failure on the part of some unspecified person(s) or entity to know he "was not guilty of a Rule 6 [violation]." (Am. Compl. at 2.) But this allegation does not, independently, supply him with a sufficient factual basis for a negligence cause of action against the department. *See Cotten* at ¶ 11, citing *Peters* at ¶ 10, citing *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 10.

{¶ 17} On appeal, Mr. Johnson describes the contents of a conduct report written about him, contends this report incorrectly stated he was found guilty of a Rule 6 violation when he was only found guilty of an attempt, alleges an Ohio Adult Parole Authority

employee had "a clear duty" to convey accurate inmate records to the parole board, and contends that, as a proximate cause of this breach, he was punished for a rule violation he did not commit. (*See* Appellant's Brief at 2-3.) However, because Mr. Johnson failed to allege as much in his amended complaint, he cannot rely on these new factual allegations presented for the first time on appeal as a basis for challenging the propriety of the trial court's dismissal in the case below. *See, e.g., Strother v. Columbus*, 10th Dist. No. 22AP-7, 2022-Ohio-4097, ¶ 16-17; *Gore v. Mohamod*, 10th Dist. No. 21AP-526, 2022-Ohio-2227, ¶ 15.

{¶ 18} Having determined that Mr. Johnson's amended complaint failed to state a claim upon which relief can be granted for negligence, we find dismissal of the case below without prejudice would have been proper under Civ.R. 12(B)(6).

{¶ 19} To the extent Mr. Johnson instead intended to allege a violation of his constitutional rights, it is clear the Court of Claims lacks subject-matter jurisdiction to preside over such claims. R.C. 2743.02 limits a plaintiff in the Court of Claims to causes of action against the state that could be brought against a private party. *See, e.g., Bleicher*, 78 Ohio App.3d at 306-07; *Guillory*, 2008-Ohio-2299, at ¶ 12. Here, Mr. Johnson's amended complaint alleged a violation of his due process rights, a claim he could not bring against a private party. *See, e.g., Henneke v. Ohio Dept. of Ins.*, 10th Dist. No. 11AP-254, 2011-Ohio-5366, ¶ 8. As such, the trial court was correct to dismiss the due process claim for lack of subject-matter jurisdiction under Civ.R. 12(B)(1).

{¶ 20} Based on the foregoing, we overrule Mr. Johnson's first and second assignments of error.

## III. CONCLUSION

{¶ 21} Having overruled Mr. Johnson's first and second assignments of error and disregarded, pursuant to App.R. 12(A)(2), his third assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ., concur.

————————————