[Cite as *Hasan v. Franklin Cty. Medicaid Dept.*, 2026-Ohio-1728.]

THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mohammed A. Hasan, | : | |
| Plaintiff-Appellant, | : | No. 25AP-763 |
| | | (C.P.C. No. 25CV-1610) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Franklin County Medicaid Department et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on May 12, 2026

**On brief:** *Mohammed A. Hasan,* pro se.
**Argued:** *Mohammed A. Hasan.*

**On brief:** *Shayla D. Favors,* Prosecuting Attorney, and *Eli F. Redfern* for Franklin County Medicaid Department.
**Argued:** *Eli F. Redfern.*

**On brief:** *Dave Yost,* Attorney General, and *Julie E. Brigner* for Ohio Department of Medicaid.
**Argued:** *Kelly Richardson.*

**On brief:** *Gordon Rees Scully Mansukhani, LLP, Megan F. Bosak*, and *Nicholas K. Gonano* for United Healthcare Community Plan.
**Argued:** *Megan F. Bosak.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Mohammed A. Hasan, appeals from an August 6, 2025 entry granting the motions to dismiss of defendants-appellees, United Healthcare Community Plan of Ohio, Inc ("United") and Franklin County Medicaid Department ("FCMD"). For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 28, 2025, Hasan filed a complaint in Franklin County Court of Common Pleas against FCMD, United, and defendant-appellee, Ohio Department of Medicaid ("ODM").

{¶ 3} According to the complaint, Hasan holds a "Medicaid card" and suffers from various health problems, which require treatment. (Compl. at 1, Introduction.) Hasan contends that appellees monitored his phone calls and internet as well as tried to force him to live in a "bug-infested apartment." (Compl. at ¶ 5, 9.) Hasan alleges FCMD and ODM violated Section 21(A) of the Ohio Constitution by "forc[ing] medical insurance on [him]." (Compl. at ¶ 7.) Hasan goes on to allege that appellees have denied him access to various medical treatments and coverage from specialists. (Compl. at ¶ 5-11.) "[FCMD] and [ODM] imposed health insurance plans on me to manage my health, but this plan did not provide the services." (Compl. at ¶ 8.) Hasan contends that FCMD and ODM "have not accepted prior authorization, to follow up with a doctor specialist out of the state of Ohio," and United and FCMD "caused all doors to be closed" concerning treatment of one of his unidentified health problems. (Compl. at ¶ 13.)

{¶ 4} Hasan seeks "health protection and safety from the Actions of [appellees] [as it] affect[ed] [his] physical health and psychological state." (Compl. at ¶ 15.) Hasan also demands that appellees do not interfere in his medical affairs, and they delete all of his medical records. (Compl. at ¶ 16-17.) Finally, Hasan demands that FCMD and ODM provide transportation to future visits to medical appointments, reimbursement of past expenses, and authorization for a follow-up visit with a neurosurgeon or treatment in Wisconsin. (Compl. at ¶ 18-19.)

{¶ 5} On May 2, 2025, United filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). On May 12, 2025, FCMD filed a motion to dismiss under Civ.R. 12(B)(6). Hasan filed what amounts to a memorandum in opposition on June 26, 2025.[1]

{¶ 6} On August 6, 2025, the trial court granted the motions to dismiss of United and FCMD finding that Hasan has failed to state a claim upon which relief can be granted under Civ.R. 12(B)(6). The trial court explained that the only cause of action mentioned in

---

[1] The filing was captioned, "OBJECTION TO THE MOTION THAT FILED BY REPRESENTATIVE DEFENDANT FRANKLIN COUNTY MEDICAID."

Hasan's complaint is a purported violation of Article I, Section 21(A) of the Ohio Constitution. The trial court concluded that Hasan failed to "allege sufficient facts that, when taken as true, entitle him to relief." (Aug. 6, 2026 Entry at 4.)

{¶ 7} Hasan filed a timely notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

[1.] The lower court did not give solicitude that my main demand in this lawsuit is 19 and 20.

. . .

[2.] The evidence and proof that the defendants violated Article I, Section 21(A) of the Ohio Constitution would be complete if the court concluded from afar, in general, the defendants' way of style in complaints No. 8 and No. 12, with the **(EXPLANATION) 8 and 12**, and summed it up as direct or indirect coercion, and compared it to Medicaid or plan coverage intention to avoid paying for the necessary surgery, which I needed, so that I could be compelled to pay for this procedure and have it done.

. . .

[3.] The lower court did not give solicitude to the Franklin County Medicaid Department and their influence for example, Carestar of Ohio Or if I may say so, it is a loyalty to the political authority that the Franklin County Medicaid Department follows Violated the law **adm Code 5160:1-2-01(L)(2)(c) in** order to make profits by the Long-Term Care Waiver program.

(Sic passim.) (Emphasis in original.) (Appellant's Brief at 24, 26-27.)

## III. LEGAL ANALYSIS

### A. Appellant's Assignments of Error

{¶ 9} As Hasan's assignments of error are interrelated, we will address them together.

### B. Standard of Review

{¶ 10} A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is a procedural test of a complaint's sufficiency. *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4885, ¶ 12 (10th Dist.), citing *Cool v. Frenchko*,

2022-Ohio-3747, ¶ 13 (10th Dist.), citing *Morrow v. Reminger & Reminger Co., L.P.A.*, 2009-Ohio-2665, ¶ 7 (10th Dist.). A trial court may dismiss a complaint pursuant to Civ.R. 12(B)(6) "only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.); *see also Dunlop v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-5531, ¶ 10 (10th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus ("A judgment granting a Civ.R. 12(B)(6) motion to dismiss may be affirmed only when there is no set of facts under which the nonmoving party could recover."). When resolving whether dismissal is appropriate, "[t]he court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff." *Bullard* at ¶ 11. The court is not required, however, to accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Id.*

{¶ 11} We review a trial court's grant of dismissal under Civ.R. 12(B)(6) de novo. (Further citation omitted.) *Johnson* at ¶ 11; *Dunlap* at ¶ 10, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 12, citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. Under de novo review, an appellate court applies the same standard as the trial court. *Arnoff v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-5238, ¶ 11, citing *Neinast v. Ohio Expositions Comm.*, 2009-Ohio-4850, ¶ 5 (10th Dist.). *See also Martin v. Accel Schools Ohio*, 2025-Ohio-3150, ¶ 15 (8th Dist.), quoting *Johnson v. Cleveland City School Dist.*, 2011-Ohio-2778, ¶ 53 (8th Dist.) ("Under de novo review, this court 'afford[s] no deference to the trial court's decision and independently review[s] the record.' ").

**C. Analysis**

{¶ 12} Upon review, we agree with the trial court's assessment that Hasan has only identified a single cause of action, which states that appellees violated Section 21(A) of the Ohio Constitution. Section 21(A) directs that "[n]o federal, state, or local law or rule shall compel, directly or indirectly, any person, employer, or health care provider to participate in a health care system." "Compel" is defined to "include[] the levying of penalties or fines." Const. Article I, Section 21(E)(1).

{¶ 13} Here, Hasan has failed to allege a federal, state, or local law or rule that compelled him, either directly or indirectly, to participate in Medicaid or any other healthcare system. Moreover, Hasan has also failed to provide any allegation or information

that he was subject to levied penalties or fines if he did not participate in the healthcare system. At base, there is no claim that Hasan's enrollment in Medicaid was anything other than voluntary. As such, even accepting all the allegations as true, Hasan has failed to state a claim upon which relief can be granted. Because the trial court did not err by dismissing Hasan's complaint pursuant to Civ.R. 12(B)(6), the trial court did not err by finding that Hasan's motion to add party was moot. We decline to address appellees' numerous jurisdictional and immunity arguments as alternative grounds for dismissal. App.R. 12(A)(1)(c). Accordingly, Hasan's assignments of error are overruled.

## IV. CONCLUSION

{¶ 14} Having overruled Hasan's assignments of error, we affirm judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____